# IN THE COURT OF APPEALS OF IOWA

No. 15-0497
Filed May 11, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MALCOLM NIX,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Malcolm Nix appeals his judgment and sentence for first-degree robbery and felon in possession of a firearm. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Malcolm Nix appeals his judgment and sentence for first-degree robbery and felon in possession of a firearm. He contends his trial attorney was ineffective in failing to file a motion to suppress an on-the-scene identification of him by the person he was accused of robbing. While we generally preserve ineffective assistance claims for postconviction relief, we find the record adequate to address the issue. *See State v. McMurry*, 544 N.W.2d 444, 448 (Iowa 1996).

To establish ineffective assistance, Nix must prove (1) the breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, we need only address the prejudice prong. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element."). This prong requires a showing that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Where the evidence of guilt is overwhelming, we will find no prejudice. *Id.* at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").

The evidence of Nix's guilt was overwhelming. The man who was robbed provided police with a detailed description of the robber, including the clothes he wore. He stated the robber carried a "small silver steal gun," pointed the gun at him, stole $20, and "ran to a red car" parked in an alleyway.

Officers dusted the robbed man's car for fingerprints. The Cedar Falls Police Department determined Nix's fingers contributed to three of the prints.

Officers stopped a red Pontiac Grand Prix. Nix was in the vehicle and was wearing clothing that matched the description provided by the man who was robbed. Nix "threw down nineteen dollars on the ground." "The denominations of the currency" were consistent with the denominations described by the robbed man. Other occupants of the vehicle described a gun in Nix's possession as small and silver.

In light of this overwhelming evidence of guilt, Nix was not prejudiced by his trial attorney's failure to file a motion to suppress the on-the-scene identification. Accordingly, his ineffective-assistance-of-counsel claim fails. We affirm his judgment and sentence for first-degree robbery and felon in possession of a firearm.

**AFFIRMED.**